LEWIS KELLENBERGER & others *vs.* DANIEL STURTEVANT.

An acknowledgment in writing of the demandant's title, made by the tenant in a writ of entry, is sufficient evidence of the demandant's title to be submitted to the jury in a subsequent action of trespass brought by him against the tenant for an entry on the land described in the writ of entry.

THIS was an action of trespass *quare clausum fregit.* At the trial in the court of common pleas, before *Byington,* J., the plaintiffs, to prove their title, offered in evidence an original writ of entry sued out by them, describing themselves as the heirs and children of one Elijah M. Paddleford, deceased, against the defendant, on the 13th of June, 1843, to recover the same land described in the writ in the present action, and duly served on that day. On the back of said writ of entry the following agreement was indorsed: " The tenant in this suit, Daniel Sturtevant, acknowledges the title in the within premises, in the demandants, and he gives up peaceable possession of the same to the demandants, and pays the writ and service of this suit, and the same is discontinued by agreement of parties. Pittsfield, Sept. 5, 1843.

" P. L. HALL, Attorney to demandants.

" DANIEL STURTEVANT."

The plaintiffs also introduced a witness, to prove that the plaintiffs in this case were the children and heirs of Elijah M. Paddleford, deceased, who testified as follows: " The defendant once spoke of one of the heirs of Paddleford coming up to Savoy; he asked me if I was the agent of Paddleford's heirs; I should think he talked a number of times about the heirs, but cannot tell the words."

The presiding judge ruled that the evidence introduced by the plaintiff was insufficient to prove the death of Elijah M. Paddleford, and that the plaintiffs were his heirs at law; and that from this evidence, the jury could not lawfully find the title to be in the plaintiffs. The plaintiffs thereupon abandoned this ground of recovery, and claimed to recover on the ground of possession. The evidence on this point was submitted to the jury, who found a verdict for the defendant

Whereupon the plaintiffs excepted to the ruling of the judge on the insufficiency of the evidence to prove their title.

*J. S. Page,* for the plaintiffs.

*J. C. Wolcott,* for the defendant.

BIGELOW, J.    The bill of exceptions in this case seems to show, that the question of title to the estate, upon which the alleged trespass was committed, was at issue between the parties, and formed a material part of the plaintiffs' case, from which they were precluded by the ruling of the court.    This being so, it follows, as a necessary consequence, that the court erred in withdrawing the testimony on this point from the jury.    The plaintiffs proved a clear and unequivocal admission by the defendant in writing, made under circumstances which gave it great force and significance, of facts material and relevant to this part of the case; and upon the most familiar principles, the evidence, upon which it was the exclusive province of the jury to pass, should have been submitted to their consideration.    Indeed, we are at a loss to know what better or more conclusive proof of title could have been offered by the plaintiffs, than the direct admission of the defendant of the fact, made in writing, upon the settlement of an action brought to establish the title in the plaintiffs as against the defendant, entirely unexplained and uncontrolled, as it seems to have been, by any other evidence offered at the trial.

It was urged at the argument, by the counsel for the defendant, that as the right of the plaintiffs to recover on the ground of possession, was submitted to the jury, and a verdict on that point found for the defendant, the ruling of the court, as to the evidence of title, became immaterial.    It is undoubtedly true, that the gist of the action of trespass is the injury done to the plaintiffs' possession.    But it is equally true that, even in trespass *quare clausum,* the possession may be, in a certain sense, constructive as well as actual, and the title to the premises may have a material bearing on the question of possession.    If, for instance, the premises rightfully belonged to the plaintiffs, but were in the actual occupation of no one, or were occupied by a tenant at will, or at sufferance, under them

then they might maintain trespass, as for an injury to their own possession, as against a stranger, and the proof would maintain the averment. 2 Greenl. Ev. § 614; 1 Chit. Pl. (6th Am. ed.) 177, note; *Van Brunt* v. *Schenck*, 11 Johns. 385; *Starr* v. *Jackson*, 11 Mass. 519.

The case, as stated in the bill of exceptions, does not show the facts sufficiently to enable us to judge how far the question of title was material in its bearing on the point submitted to the jury, and we are therefore compelled to send the case to a new trial, because the plaintiffs were shut out by the ruling of the court from a part of their case, which might have very materially affected the result. *Exceptions sustained.*